CAROLINE M. KELLY, by next friend, plaintiff in error, vs. E. B. TATE, administrator, defendant in error.

Where the bill shows the Act of the Legislature changing county lines had placed the land in controversy within a different county from that in which the suit respecting the title thereto was tried, and the judgment obtained thereon in such county is about being enforced by the eviction of the parties, and this bill was filed to pray the interposition of a Court of equity by injunction to restrain such eviction, and the Court refused the injunction :

Held, That this was error. The Act changing the county lines deprived the Court trying the case of any jurisdiction in the premises, and the process of the Court under it ought not to be enforced.

Ejectment. Jurisdiction. Void judgment. Before Judge CLARK. Macon county. Chambers, July, 1871.

Tate brought ejectment against Abner Kelly for a lot of land in Sumter county. Pending this action the lot was cut off from Sumter and made part of Macon county, by the General Assembly. No notice was taken of this, as appears ; the cause was tried and the jury found for Tate. When the sheriff was about to evict Abner Kelly, pursuant to said judgment, his wife, by him as her next friend, filed her bill for injunction.

She averred that said judgment was void for want of jurisdiction, because of the facts aforesaid. Further she aver-

Kelly *vs.* Tate.

red that she was not a party to said judgment, and therefore not bound by it. To show her interest in the land she stated certain facts going to show that said land was her's when she married Kelly, which marriage was since the Act of 1866, making property owned by the wife, prior to marriage, her separate estate, notwithstanding coverture. These specifications are not material, as the judgment of the Court is put upon the ground of jurisdiction alone. Notwithstanding the said Act changing the county in which this land was, and the other averments in the bill, the Chancellor refused the injunction, and that is assigned as error.

JOHN R. WORRILL, J. A. ANSLEY, by A. W. HAMMOND & SON, for plaintiff in error. As to jurisdiction: Article 5, section 12, division 7th Constitution of 1868; 10 Georgia Reports, 241; 9th, 130.

C. T. GOODE, for defendant.

LOCHRANE, Chief Justice.

It appears from the record that the land in controversy had been, by an Act of the Legislature, placed in a different county from that in which the suit was instituted, and the trial of the right or titles thereto was had, and that a bill was filed to restrain the eviction upon the process founded on the judgment in such Court, and the Court refused to grant the injunction prayed.

We reverse this judgment. For after the Act of the Legislature changed the territorial limits of the county, and the land, the subject of the suit, fell within a different county, the Court was deprived of all jurisdiction over the subject matter of the litigation, and upon these facts being shown, ought to have granted the injunction sought.

Judgment reversed.